AO 241 (Rev. 5/85)

**PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

### United States District Court

| | |
|---|---|
| Name _LLOYD MATHEWS_ | District _OF MASSACHUSETTS_ |
| | Prisoner No.      Case No. |

Place of Confinement
_M.C.I. CEDAR JUNCTION WALPOLE STATE PRISON_

Name of Petitioner (include name under which convicted)    Name of Respondent (authorized person having custody of petitioner)

_LLOYD MATTHEWS_    V. _PETER ALLEN_

The Attorney General of the State of:
_MASSACHUSETTS THOMAS F. REILLY_

### PETITION

1. Name and location of court which entered the judgment of conviction under attack _HAMPDEN COUNTY SUPERIOR COURT HALL OF JUSTICE, P.O. BOX 559 50 STATE STREET SPRINGFIELD, MA. 01102_

2. Date of judgment of conviction _APRIL 13TH. 1994_

3. Length of sentence _15 TO 25 YEARS_

4. Nature of offense involved (all counts) _2 COUNTS OF ARMED ASSAULT WITH INTENT TO MURDER: 4 COUNTS OF ASSAULT BY MEANS OF A DANGEROUS WEAPON: 1 COUNT OF UNLAWFUL POSSESSION OF AMMUNITION WITHOUT ID CARD: 1 COUNT OF UNLAWFULL POSSESSION OF A FIREARM WITH AN OBLITERATED SERIAL NUMBER: 1 COUNT OF UNLAWFULLY CARRYING A FIREARM IN A MOTOR VEHICLE._

5. What was your plea? (Check one)
   (a) Not guilty ☑
   (b) Guilty ☐
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment. give details:

   _____

   _____

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☑
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☑   No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☑   No ☐

AO 241 (Rev. 5/85)

9. If you did appeal, answer the following:

(a) Name of court _MASSACHUSETTS APPEALS COURT_

(b) Result _CONVICTION AFFIRMED_

(c) Date of result and citation, if known _10-9-96 (41 MASS. APP. CT. 459_

(d) Grounds raised _1.) THE TRIAL JUDGE ERRED IN DENYING THE DEFENDANT'S MOTION FOR A REQUIRED FINDING OF NOT [CONT'D ON PAGE 8   ATTACHED]_

(e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

(1) Name of court _MASS. SUPREME JUDICIAL COURT_

(2) Result _REVIEW WAS DENIED_

(3) Date of result and citation, if known _11-21-96_

(4) Grounds raised _1.) IN DECIDING THAT THERE WAS SUFFICIENT EVIDENCE TO WARRANT THE DENIAL OF [CONT'D ON PAGE 9   ATTACHED]_

(f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

(1) Name of court _N/A_

(2) Result _N/A_

(3) Date of result and citation, if known _N/A_

(4) Grounds raised _N/A_

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
Yes ☑   No ☐

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court _UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS_

(2) Nature of proceeding _PETITION FOR WRIT OF HABEAS CORPUS 28 U.S.C. § 2254_

(3) Grounds raised _1.) THE PROSECUTOR IMPROPERLY VOUCHED FOR THE VERACITY OF BRIAN MORIARTY AND JAMES SHRECHUCK DENYING THE DEFENDANT_

AO 241 (Rev. 5/85)

DUE-PROCESS OF LAW U.S.C.A. 14. 2.) JURY
INSTRUCTIONS WHICH REFLECTED THE COMM-
ONWEALTH'S THEORY OF PROSECUTION WHILE
IGNORING THE DEFENDANT'S THEORY OF
DEFENSE, SHIFTED THE BURDEN OF PROOF TO
THE DEFENDANT AND DENIED HIM DUE-PROCESS
OF LAW AND A FAIR TRIAL.

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐        No ☑

(5) Result I FILED ON 3-6-98 A MOTION FOR LEAVE TO
FILE VOLUNTARY DISMISSAL OF HABEAS CORPUS PETIT-

(6) Date of result 3-16-98 ION TO EXHAUST STATE REMEDIES,
WHICH WAS ALLOWED WITHOUT PREJUDICE.

(b) As to any second petition, application or motion give the same information:

(1) Name of court HAMPDEN COUNTY SUPERIOR COURT

(2) Nature of proceeding RULE 30 MOTION FOR A NEW TRIAL
EVIDENTIARY HEARING AND EXPERT FORENSIC
BALLISTICIAN/METALLURGIST FEES.

(3) Grounds raised 1.) THE FOLLOWING JURY INSTRUCTIONS,
AND INSTRUCTIONAL OMISSIONS, SETOUT INFRA,
INVADED THE PROVINCE OF THE JURY, LESSED
THE COMMONWEALTH'S BURDEN OF PROOF, DIRECTED
A VERDICT OF GUILTY ON ESSENTIAL ELEMENTS
OF OFFENSES, AND SHIFTED THE BURDEN OF PROOF
TO THE DEFENDANT, IN VIOLATION OF HIS
RIGHTS TO TRIAL BY JURY AND A FUNDAMENTALLY
FAIR TRIAL, GUARANTEED BY [CONT'D ON PAGE 10

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐        No ☑

(5) Result DENIED

(6) Date of result 3-10-98

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
(1) First petition, etc.          Yes ☐        No ☑
(2) Second petition, etc.        Yes ☑        No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:
N/A

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.
    Caution: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

AO 241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted you state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self−incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(h) Denial of right of appeal.

A.    Ground one: _INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL_

Supporting FACTS (state *briefly* without citing cases or law) _(A) TRIAL COUNSEL FAILED TO INVESTIGATE AND OBTAIN A DEFENSE FORENSIC EXPERT BALLISTICIAN/ METALLURGIST TO EXAMINE-TEST KEY BALLISTIC EVIDENCE (B.) TRIAL COUNSEL FAILED TO OBJECT TO ERRONEOUS JURY INSTRUCTIONS AND [CONT'D ON PAGE 11_

B.    Ground two: _INSUFFICIENT EVIDENCE_

Supporting FACTS (state *briefly* without citing cases or law) _THERE WAS INSUF- FICIENT EVIDENCE TO FIND THE DEFENDANT GUILTY AS TO THE ALLEGED ARMED ASSAULTS WITH IN INTENT TO MURDER OF BOTH BRIAN MORIARTY AND JAMES SHREWCHUCK_

AO 241 (Rev. 5/85)

C.    Ground three:  _IMPROPER VOUCHING_

Supporting FACTS (state *briefly* without citing cases or law)  _THE PROSECUTOR IMPROPERLY VOUCHED FOR THE CREDIBILITY OF POLICE WITNESSES BY STATING THAT POLICE TELL THE TRUTH BECAUSE THEIR JOB TITLE ENTAILS THATS WHAT THEY DO_

D.    Ground four:  _ERRONEOUS JURY INSTRUCTIONS AND INSTRUCTIONAL OMISSIONS_

Supporting FACTS (state *briefly* without citing cases or law)  _(A) THE TRIAL COURT OMITTED TO INSTRUCT THE JURY ON A LESSER INCLUDED OFFENSE OF SIMPLE UNARMED ASSAULT, OR ATTEMPTED ASSAULT [CONT'D ON PAGE 12 AND 13]_

_E. GROUND FIVE: FULLY SETOUT ON PAGE 14_
_F. GROUND SIX: FULLY SETOUT ON PAGE 15_
_G. GROUND SEVEN: FULLY SETOUT ON PAGE 16_

13.  If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them:  _____

_N/A_

14.  Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
Yes ☐          No ☑

15.  Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

(a)    At preliminary hearing  _VINCENT A. BONGIORNI, ESQ. STATE STREET SPRINGFIELD MA. 01103_

(b)    At arraignment and plea  _VINCENT A. BONGIORNI, ESQ. STATE STREET SPRINGFIELD MA. 01103_

AO 241 (Rev. 5/85)

(c) At trial *VINCENT A. BONGIORNI, ESQ. 95 STATE STREET SPRINGFIELD MA. 01103*

(d) At sentencing *VINCENT A. BONGIORNI, ESQ. 95 STATE STREET SPRINGFIELD MA. 01103*

(e) On appeal *CARLO A. OBLIGATO, ESQ. C.P.C.S. 470 ATLANTIC AVE. BOSTON MA. 02210*

(f) In any post−conviction proceeding *PRO-SE LLOYD MATHEWS*

(g) On appeal from any adverse ruling in a post−conviction proceeding *PRO-SE LLOYD MATHEWS*

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and the same time?

Yes ☑    No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes ☐    No ☑

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

_____

(b) Give date and length of the above sentence: _____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes ☐    No ☐

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

*Lloyd Matthews*
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

*8 − 12 − 04*
(date)

*Lloyd matthews*
Signature of Petitioner

9.) (D) GROUNDS RAISED
CONT'D FROM PAGE 3

GUILTY AS TO THE ALLEGED ARMED ASSAULTS WITH INTENT TO MURDER WHERE THE EVIDENCE FAILED TO ESTABLISH THAT THE DEFENDANT'S GUN WAS OPERABLE AT THE TIME OF THE INCIDENT.

2.) JURY INSTRUCTIONS WHICH REFLECTED THE COMMONWEALTH'S THEORY OF PROSECUTION WHILE IGNORING THE DEFENDANT'S THEORY OF DEFENSE DENIED THE DEFENDANT A FAIR TRIAL

3.) THE DEFENDANT'S FUNDAMENTAL RIGHT NOT TO BE TWICE PUNISHED FOR THE SAME OFFENSE WAS VIOLATED BY THE IMPOSITION OF CONSECUTIVE SENTENCES FOR TWO COUNTS OF ARMED ASSAULT WITH INTENT TO MURDER ARISING OUT OF A SINGLE ACT.

4.) IMPROPER VOUCHING FOR CREDIBILITY OCCURRED WHEN, IN HIS CLOSING ARGUMENT, THE PROSECUTOR STATED THAT THE CRITICAL POLICE WITNESSES "TOLD THE TRUTH... THAT'S WHAT THEY DO".

## 9.) (E) (4) GROUNDS RAISED CONT'D FROM PAGE 3

THE DEFENDANT'S MOTION FOR A REQUIRED FINDING OF NOT GUILTY, THE APPEALS COURT ERRED BY VIRTUALLY IGNORING THE PLETHORA OF COMPELLING EVIDENCE THAT MADE IT IMPOSSIBLE FOR THE DEFENDANT TO HAVE SHOT AT THE POLICE OFFICERS

2.) THE TRIAL JUDGE'S JURY INSTRUCTION IMPROPERLY REFLECTED ONLY THE COMMONWEALTH'S THEORY OF THE CASE

3.) ERROR OCCURRED IN DECIDING THAT THE SEPARATE CONVICTIONS AND CONSECUTIVE SENTENCES HERE IN, THOUGH THEY AROSE OUT OF A SINGLE ACT, WERE NOT DUPLICTOUS

## 11.) (B) (3) GROUNDS RAISED
## CONT'D FROM PAGE 4

ARTICLE 12 OF THE MASS. DECL. OF RIGHTS, THE 6 AND 14 AMENDMENTS TO THE UNITED STATES CONSTITUTION

2.) THE TRIAL JUDGE ERRONEOUSLY IMPOSED MULTIPLE SENTENCES

3.) INSUFFICIENT EVIDENCE

4.) THE DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL IN VIOLATION OF THE 6 AND 14 AMENDMENTS TO THE UNITED STATES CONSTITUTION.

5.) THE PROSECUTOR IMPROPERLY VOUCHED FOR THE CREDIBILITY OF POLICE WITNESSES

6.) THE DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF DIRECT APPEAL COUNSEL IN VIOLATION OF THE 6 AND 14 AMENDMENTS TO THE UNITED STATES CONSTITUTION.

12.) A GROUND ONE
CONT'D FROM PAGE 5

WRITTEN MASS. CRIM. P. RULE 24 (B)
REQUEST FOR APPROPRIATE JURY INSTRUCTIONS

(C.) TRIAL COUNSEL FAILED TO OBJECT TO
DOUBLE JEOPARDY VIOLATION OF MULTIPLE
CONVICTIONS AND SENTENCES

(D.) TRIAL COUNSEL FAILED TO REQUEST
CORRECTIVE INSTRUCTION TO PROSECUTOR'S
IMPROPER VOUCHING FOR THE CREDIBILITY
OF GOVERNMENT WITNESSES

## 12.) (D.) GROUNDS RAISED
## CONT'D FROM PAGE 6

(B.) THE TRIAL COURT OMITTED TO INSTRUCT THE JURY ON ACCIDENT AND NECESSITY ASPECTS OF AN ALLEGED ASSAULT

(C.) THE TRIAL COURT OMITTED TO INSTRUCT THE JURY ON THE ESSENTIAL ELEMENT OF MALICE WITH INTENT TO MURDER REQUIRES, "MALICE", PROOF OF A SPECIFIC INTENT TO KILL

(D.) THE TRIAL COURT'S ERRONEOUS INSTRUCTION ON PRESUMPTION OF INNOCENCE MISSTATES THE LAW CREATING AN IMPERMISSIBLE PRESUMPTION AND SHIFTING THE BURDEN OF PROOF TO THE DEFENDANT BY STATING THAT "FOR PURPOSES OF ASSAULT, A GUN EVEN IF UNLOADED, CAN BE FOUND TO BE A DANGEROUS WEAPON WITHIN THE MEANING OF THE LAW, BECAUSE OF THE... DANGER THAT IT CARRIES WITH IT"

12.) (D.) GROUNDS RAISED
CONT'D FROM PAGE 6

(E.) THE TRIAL COURTS ERRONEOUS
INSTRUCTION DIRECTED A GUILTY FINDING
AGAINST THE DEFENDANT BY MERGING
THE ARMED ASSAULT WITH INTENT TO
MURDER AND SEPARATE ARMED ASSAULTS
BY MEANS OF A DANGEROUS WEAPON
INTO ONE OFFENSE

12.) (E.) GROUND FIVE
CONT'D FROM PAGE 6

INEFFECTIVE ASSISTANCE OF
APPEAL COUNSEL

SUPPORTING FACTS:

APPELLATE COUNSEL COMMITTED NON-STRATEGIC ERROR'S WHICH INCLUDE FAILURE TO PRESENT ON DIRECT APPEAL GROUNDS V. (A)(B)(C)(D) AND (E); I. (A)(B)(C) AND (D); AND IV. SUPRA; FAILURE TO INCLUDE PART OF GROUND I.(B) FAILURE TO OBJECT TO JURY INSTRUCTION ERRORS, IN APPELLATE COUNSEL'S FURTHER APPELLATE REVIEW PETITION; AND FAILURE TO CLEARLY PRESENT FACTS AND FEDERAL CONSTITUTIONAL CLAIMS IN THE DIRECT APPEAL BRIEF, SET OUT IN GROUNDS V. (A)(B)(D), IV., AND GROUND II. OF DEFENDANT'S APPEAL BRIEF.

## 12.) (F.) GROUND SIX
## CONT'D FROM PAGE 6

UNLAWFUL DENIAL OF RULE 30 MOTION WITHOUT AN EVIDENTIARY HEARING

SUPPORTING FACTS:

DEFENDANTS NEW TRIAL MOTION WAS DENIED BY A REGIONAL ADMINISTRATIVE JUSTICE, WITHOUT AN EVIDENTIARY HEARING WHERE DEFENDANT'S AFFIDAVIT AND TRIAL COUNSEL'S AFFIDAVIT DETAILING AND AFFIRMING HIS INEFFECTIVE-NESS AT TRIAL, RAISED A SERIOUS ISSUE OF CONSTITUTIONAL IMPORTANCE "THE EFFECTIVE ASSISTANCE OF COUNSEL".

12.) (G.) GROUND SEVEN
CONT'D FROM PAGE 6

UNLAWFUL AFFIRMING OF
DENIAL OF RULE 30, BY THE
APPEALS COURT AND SUPREME
JUDICIAL COURT

SUPPORTING FACTS:
    THE APPEALS COURT AND THE
SUPREME JUDICIAL COURT BOTH
ERRORED IN AFFIRMING THE
DENIAL OF THE DEFENDANT'S RULE 30
MOTION FOR A NEW TRIAL, IN PART,
BY OMITTING TO REVIEW THE
DEFENDANTS EMERGENCY MOTION
FOR STAY OF ORAL ARGUMENT, AND
WHERE ONE OF THE ORIGINAL/
INITIAL HEARING JUSTICES AT
THE DEFENDANT'S ORAL ARGUMENT
DID NOT PART-TAKE IN RULING
WAS MADE BY/ WITH A SUBSTITUTE
JUSTICE WHO DID NOT PART TAKE/ HEAR
IN THE DEFENDANT'S ORAL ARGUMENT.