## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| LLOYD MATTHEWS, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Civil Action No. 04-11874-MLW |
| PETER ALLEN, | ) ) | |
| Respondent. | ) ) ) | |

## RESPONDENT'S MOTION FOR CLARIFICATION OF
## PETITION FOR WRIT OF HABEAS CORPUS

The respondent, Peter Allen, respectfully submits this motion for clarification of the petition for writ of habeas corpus filed by the petitioner, Lloyd Matthews. As grounds for this motion, the respondent states that he is not able to determine, from the petition, the facts upon which the petitioner's claims are based and/or the facts which underlie defenses possibly available to the respondent. Specifically, the respondent states as follows:

1. The information in the petition is not sufficient to allow the respondent to determine which conviction the petitioner is challenging. The Massachusetts Appeals Court decision which is cited in paragraph 9(c) of the petition is the case of *Commonwealth v. Milton Gordon*, 41 Mass. App. Ct. 459. While this Appeals Court decision bears to the date of decision set forth in paragraph 9(c) and the decision appears to concern charges identified by the petitioner in paragraph 4 of the petition, the named defendant is Milton Gordon, and not the petitioner (Lloyd Matthews).

2. The undersigned has conducted a search of the Massachusetts Trial Court

electronic database for cases involving Lloyd Matthews in Hampden County (per paragraph 1 of the petition) in an effort to obtain information as to the docket number for the petitioner's case and information as to any appellate proceedings/decisions involving the charges identified in the habeas petition. However, the undersigned has not been able to find information connected to the claims the petitioner advances in his habeas petition.

3. In the absence of information sufficient to permit him to understand the facts and circumstances of the state court proceedings, the respondent cannot respond to the petition in any meaningful fashion. For example, without knowing which claims, if any, the petitioner raised in the Massachusetts Supreme Judicial Court ("the SJC"), the respondent cannot determine if the petitioner's claims have been properly exhausted. Likewise, without knowing the date on which the SJC's ruling became final on direct review of the petitioner's conviction and on any timely post-conviction motions for relief from the conviction, the respondent cannot determine whether the petition was filed within the statute of limitations.

4. Moreover, the respondent cannot determine whether the petitioner has previously filed a petition for a writ of habeas corpus in federal court. In paragraph 11 of the petition the petitioner asserts that he did file a previous habeas petition; however, in a search of the federal PACER database for the United States District Court the undersigned was not able to find the petition to which the petitioner refers. (The undersigned did discover a number of other cases apparently filed by the petitioner, but did not find one which matched up to the facts asserted in paragraph 11 of the petition.) As this Court is well aware, the law governing habeas petitions establishes a presumption that, barring exceptional circumstances, a second or subsequent application for habeas corpus shall be denied or dismissed. 28 U.S.C. § 2244(b); *see also Felker*

*v. Turpin*, 116 S.Ct. 2333, 2340 (1996). The respondent cannot, based on the information contained in the petition, determine whether the instant petition should be governed by the "second or subsequent petition" rule.

WHEREFORE, the respondent respectfully requests that this Court order the petitioner to clarify the statements made in his petition for a writ of habeas corpus in such a manner that the petitioner provides the following information:

    a.    the name under which his conviction was entered;

    b.    the court and date of the conviction;

    c.    the charges of which he was convicted;

    d.    the date and citation of any appellate court decision reviewing his conviction;

    e.    the date(s) of any decisions on any post-trial motions challenging his conviction, and the court(s) which handed down such decisions; and

    f.    the date(s) on which any previous petitions for a writ of habeas corpus were filed, the name of the court in which any such writ was filed, and the docket number assigned to the petition.

        Respectfully submitted,

        PETER ALLEN,

        By his attorney,

        THOMAS F. REILLY
        ATTORNEY GENERAL

        /s/ Maura D. McLaughlin
        Maura D. McLaughlin (BBO # 634923)
        Assistant Attorney General
        Criminal Bureau
        One Ashburton Place
        Boston, Massachusetts 02108
        (617) 727-2200, ex. 2857

Dated: November 7, 2005

## Certificate of Service

I hereby certify that on November 7, 2005, I caused a true and accurate copy of the above document to be served via first class mail, postage prepaid, upon Lloyd Matthews, petitioner *pro se*, MCI Cedar Junction, Walpole, Massachusetts, 01742.

        /s/ Maura D. McLaughlin
        Maura D. McLaughlin